Walker WALLING et al., Appellants,

v.

Martha Potter STEGEMOLLER, Appellee.

Court of Appeals of Kentucky.

Dec. 5, 1957.

M. C. Redwine, Jr., R. Russell Grant, Winchester, for appellants.

Michael A. Rowady, Winchester, for appellee.

CULLEN, Commissioner.

This appeal presents a controversy between the appellee, Martha Stegemoller, and her erstwhile foster parents, the appellants Walker and Hoyette Walling, over the custody of Martha's illegitimate daughter Edith Faye, now 12 years of age. The circuit court awarded custody to Martha and her husband Don Stegemoller.

Martha was raised in the home of the Wallings as a foster child. When she was about 16 years old she gave birth to Edith Faye, an illegitimate child. About 13 months later she had another illegitimate child. She continued to live with the Wallings until Edith Faye was four years old, when she left to work in Cincinnati. Shortly thereafter she married her present husband, Don Stegemoller. Edith Faye remained with the Wallings until she was 10 years of age, and then lived with the Stegemollers for about two years. Near the end of this two-year period a bitter controversy broke out over the custody of Edith Faye, resulting in this litigation.

Martha and Don have four children of their marriage, and Martha's second illegitimate daughter has been with them during the period of their marriage. They own their house in Boone County, where Don is employed as an airplane mechanic.

The Wallings live in Winchester, in Clark County. Mrs. Walling is 54 years of age, and Mr. Walling (her second husband) is 41. They have no children. They live in a section of Winchester known as "Rat Row." Their home does not have

inside plumbing. Mr. Walling is employed as a laborer, and they have only a very modest income, part of which comes from providing room and board in their home for an elderly man.

The circuit judge concluded that the Walling home was not a suitable one for the child. Supporting this conclusion are the following factors: (1) The Wallings' supervision over Martha, when she was in their home as a foster child, was not satisfactory, as evidenced by her giving birth to two illegitimate children during that time; (2) Mr. Walling testified that *he* was the father of Edith Faye; (3) Mrs. Walling is excitable and emotionally unstable; (4) the Walling home is in a poor neighborhood and lacks modern conveniences; (5) the Wallings are boarding an elderly man in their home.

There was some evidence that Martha has from time to time required hospitalization because of a nervous condition, but this was attributed by her to worry over not having Edith Faye with her. Also there was some testimony concerning conflict between Martha and Don, but the neighbors testified that they got along as well as any normal family, and that they were good people. The evidence as a whole would not require a finding that the Stegemoller home was unsuitable.

The appellants maintain that Martha in effect voluntarily surrendered permanent custody of Edith Faye to them. However, there was no express contract of relinquishment, and Martha's circumstances were such that she could not be considered to have been able to make a free, voluntary decision to surrender her parental rights. See Crase v. Shepherd, Ky., 240 S.W.2d 548.

A further contention is that the court erred in not interrogating Edith Faye in chambers, as to her wishes and desires. In Cummins v. Bird, 230 Ky. 296, 19 S.W.2d 959, 961, this Court said that the wishes of a 12-year-old child may be decisive "in case of doubt, or where the considerations affecting a decision may be in equipoise." However, in the case now before us the chancellor was not in doubt, and was convinced that the Walling home was not suitable. Accordingly, the wishes of the child could not have been decisive.

We can find no basis for disturbing the decision.

The judgment is affirmed.